UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) <br> PAUL P. MCDERMOTT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GENENTECH, INC., et al., ) <br> ) <br> Defendants. ) | Civil No. 2:05-cv-147 |

**ORDER AFFIRMING THE RECOMMENDED
DECISION OF THE MAGISTRATE JUDGE AND
ON PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT**

The United States Magistrate Judge filed with the Court on December 14, 2006 his Recommended Decision. Defendant Genentech, Inc. filed its objections to the Recommended Decision on December 29, 2006; the Plaintiff filed his objections to the Recommended Decision on January 2, 2007; the Plaintiff filed his response to Defendant Genentech's objections on January 19, 2007; Defendant Genentech, Inc. filed its response to the Plaintiff's objections on January 22, 2007; and Defendant Biogen-Idec, Inc. filed its response to the Plaintiff's objections on January 22, 2007. I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determine that no further proceeding is necessary.[1]

---

[1] In May 2007, the Supreme Court ruled on *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). There,

1. It is therefore ORDERED that the Recommended Decision of the Magistrate Judge is hereby AFFIRMED.

2. It is further ORDERED that Genentech's Motion to Dismiss (Docket # 60) be and hereby is GRANTED as to Counts One and Two of the First Amended Complaint and otherwise DENIED.

3. It is further ORDERED that Biogen's Motion to Dismiss (Docket # 63) be and hereby is GRANTED.

In addition, Plaintiff moved to file a second amended complaint (Docket #89). Specifically, Plaintiff claims:

> No responsive pleading has been filed in the case and no scheduling order has yet to issue establishing deadlines for amending the complaint. During the pendency of the first amended complaint, Plaintiff also was pursuing administrative remedies for violation of the Whistleblower's Protection Act ("WPA"), 26 M.R.S.A. §831 *et seq*. The failure to pursue claims before the Maine Human Rights Commission ("MHRC") bars recovery of compensatory and punitive damages and attorneys' fees under the WPA. On or about April 19, 2007, the Maine Human Rights Commission ("MHRC") found that there were reasonable grounds to believe that Genentech had retaliated against Plaintiff on the basis of his whistleblowing activities. . . . On or about April 25, 2007, the MHRC concluded that conciliation had failed and issued Plaintiff a letter to that effect. . . . Plaintiff seeks leave to file a second amended complaint to add his claim for violation of the WPA and to correct several minor factual errors in Count III of the First Amended Complaint.

*Pl.'s Opposed Mot. for Leave to File Second Am. Compl*. ¶¶ 6-10 (*Pl.'s Mot.*). Biogen took no position in response, based on Plaintiff's representation that his amended

---

the Court finally rejected the oft-cited language of *Conley v. Gibson* which reads: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. The Court stated: "*Conley*'s 'no set of facts' language has been questioned, criticized, and explained away long enough." *Twombly*, 127 S. Ct. at 1969. Instead, the Court in *Twombly* looked for "plausibility in this complaint . . . ." *Id*. at 1970. Although it is not exactly clear how *Twombly* alters the legal analysis, the Court concludes that, whatever the new standard, *Twombly* does not alter the outcome in the present case.

complaint does not alter the allegations in Counts I and II against Biogen. *Biogen's Resp. to Pl.'s Mot*. at 2  (Docket # 90).  Genentech objected to Plaintiff's motion, saying that, although leave to amend pleadings is liberally given:

> McDermott's proposed amendment will be futile if the Court grants Genentech's pending motion to dismiss. To assert his state-law WPA claim, McDermott relies on the doctrine of supplemental jurisdiction.  If the Court grants Genentech's pending motion, however, McDermott will have no federal claim on which to base supplemental jurisdiction, triggering dismissal of his WPA claim. . . . The Court should either deny McDermott's motion to amend without prejudice, or it should reserve ruling on the motion until it decides the pending motions to dismiss.

*Genentech's Obj. to Pl.'s Mot*. at 6 (Docket # 91).

Because the Court has now affirmed the Recommended Decision to dismiss Counts I and II but not Count III – which pertains to Genentech only – Genentech's concerns about futility no longer obtain.  As leave to amend pleadings is to be liberally given, and Genentech has yet to file an answer in this case, the Court GRANTS Plaintiff's Motion for Leave to File Second Amended Complaint (Docket # 89).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2007