UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. PAUL P. McDERMOTT, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil No. 2:05cv-147 ) |
| GENENTECH, INC., et al., | ) ) |
| Defendants. | ) |

**ORDER DENYING MOTION TO AMEND INTERLOCUTORY ORDER**

The Court denies Plaintiff's motion for interlocutory appeal, finding that it does not meet the statutory standards required for certification of interlocutory appeals as interpreted by the First Circuit in *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220 (1st Cir. 2004).

**I.   OVERVIEW**

Relator Paul McDermott, a former employee of Genentech, Inc. (Genentech) asserts three claims against Genentech and Biogen-Idec, Inc. (Biogen): (1) a *qui tam* claim that they caused false or fraudulent claims for payment to be presented to the government in violation the False Claims Act (FCA) (Count One); (2) a *qui tam* claim that Defendants conspired to defraud the government in violation of the FCA (Count Two); and, (3) retaliatory discharge under 31 U.S.C. 3730(h) against Genentech.[1]  On December 14, 2006, Magistrate Judge David M. Cohen issued a decision in which he recommended that the Court grant both Genetech's "motion to dismiss as to Counts One and Two of the First Amended Complaint" and Biogen's motion to dismiss.  *Rec.*

---

[1] For a detailed discussion of the facts alleged in McDermott's complaint, see *Rec. Dec. on Mot. to Dismiss* at 3-7 (Docket # 81) (*Rec. Dec.*).

*Dec.* On July 24, 2007, this Court affirmed the Magistrate Judge's decision. *Order Affirming the Rec. Dec. of the Magistrate Judge and on Pl.'s Mot. to File Second Am. Compl.* (Docket # 98) (*Order Affirming the Rec. Dec.*). Pursuant to 28 U.S.C. 1292(b), Mr. McDermott moves for interlocutory appeal on the Court's decision to dismiss Counts I and II of the First Amended Complaint. *Relator's Mot. to Amend Interlocutory Order Dismissing Counts I and II to Include Statement Pursuant to 28 U.S.C.A. § 1292(b)* (Docket # 104) (*Relator's Mot. to Amend*).

## II.     DISCUSSION

### A.     Interlocutory Appeal Standard

To certify an interlocutory appeal to the First Circuit, this Court must find that the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) for which "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). There is a preference against piecemeal litigation, and the procedures available under section 1292(b) should be granted sparingly. *Caraballo-Seda v. Municipality of Hormigueros,* 395 F.3d 7, 9 (1st Cir. 2005). In the First Circuit, interlocutory certification is allowed only "where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." *McGillicuddy v. Clements*, 746 F.2d 76, 77 n.1 (1st Cir. 1984) (citing *In re Heddendorf,* 263 F.2d 887, 888-89 (1st Cir.1959)); *Caraballo-Seda*, 395 F.3d at 9. Further, a finding that there is "substantial ground for difference of opinion" requires more than "garden variety legal argument." *In re Bank of New England Corp*, 218 B.R. 643, 653 (1st Cir. 1994).

### B.     Application

The heart of Mr. McDermott's argument is that under the second prong of the interlocutory appeal standard there is a "substantial ground for difference of opinion with respect

2

to Rule 9(b)'s applicability to large, complex FCA claims." *Relator's Mot. to Amend* at 3.  Mr. McDermott argues that the courts have applied disparate pleading requirements to FCA claims.  He seeks to distinguish *Karvelas*, the last word on the issue from the First Circuit.  Citing *In re Pharmacy Indus. Average Wholesale Price Litig.*, 478 F. Supp. 2d 164 ( D. Mass. 2007), he contends that there are grounds for a 1292(b) appeal, because even within the First Circuit after *Karvelas*, a district court has "allowed for a relaxed pleading standard."

In *Karvelas*, the First Circuit laid out a thorough standard for how this Courta court should proceed in FCA cases.  360 F.3d at 231-33.  The *Karvelas* rule requires "that a qui tam relator may not present general allegations in lieu of the details of actual false claims in the hope that such details will emerge through subsequent discovery."  *Id*. at 231.  The First Circuit continued,

> As applied to the FCA, Rule 9(b)'s requirement that averments of fraud be stated with particularity – specifying the "time, place, and content" of the alleged false or fraudulent representations, means that a relator must provide details that identify particular false claims for payment that were submitted to the government.  In a case such as this, details concerning the dates of the claims, the content of the forms or bills submitted, their identification numbers, the amount of money charged to the government, the particular goods or services for which the government was billed, the individuals involved in the billing, and the length of time between the alleged fraudulent practices and the submission of claims based on those practices are the types of information that may help a relator to state his or her claims with particularity. These details do not constitute a checklist of mandatory requirements that must be satisfied by each allegation included in a complaint. However, like the Eleventh Circuit, we believe that "some of this information for at least some of the claims must be pleaded in order to satisfy Rule 9(b)."

*Karvelas*, 360 F.3d at 232 -33 (quoting *Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1312 n.21 (11th Cir. 2002)).

In *Karvelas*, the First Circuit did not adopt an exception to the 9(b) requirements based on whether the "defendants' alleged fraudulent schemes were complex and occurred over a

3

period of several years," but stated that it would "not preclude the possibility of such an exception in a future case." *Id.* at 231 n.14. In his Recommended Decision, Magistrate Judge Cohen applied the First Circuit's analysis to this case and determined that the deficiencies in Mr. McDermott's complaint are similar to the claims the First Circuit dismissed in *Karvelas*. *Rec. Dec.* at 18-21. *Karvelas* leaves no "substantial ground for a difference of opinion" in the First Circuit upon which this Court may certify an interlocutory appeal.[2] 28 U.S.C. § 1292(f); *McGillicuddy*, 746 F.2d at 77 n.1.

It is certainly true, as Mr. McDermott contends, that other circuit courts and other district courts in other circuits have reached other conclusions. This fact alone, however, does not mean that the issue is "not settled by controlling authority" within this circuit. *McGillicuddy*, 746 F.2d at 77 n.1. *Id.* There remains for Mr. McDermott a substantial hurdle: a recent definitive opinion from the First Circuit, one which addresses the very issue Mr. McDermott seeks to raise on interlocutory appeal and which decides that issue against him. While it is Mr. McDermott's hope to convince a First Circuit panel that other circuits have better analyzed the law than the First Circuit's own panel did in 2004, to do so, he must overcome the doctrine of *stare decisis* as

---

[2] Mr. McDermott cites as support three district court cases within the First Circuit. None justifies a deviation from *Karvelas*' interpretation of the Rule 9(b) pleading standards for FCA claims. The first contains an allegation of fraud of much greater magnitude than the claims in *Karvelas* or here. *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, 478 F. Supp. 2d 164 (D. Mass. 2007). The allegations in *Pharmaceutical Industry* concerned thirty-nine defendant pharmaceutical companies and hundreds of drugs. *Id.* at 172 (finding that "[g]iven the sheer volume of drug reimbursements involved in this case, Rule 9(b) will be satisfied if the complaint alleges the basic framework, procedures, and the nature of fraudulent scheme that give rise to California's belief that false claims have been submitted."); *see In re Pharmaceutical Indus. Average Wholesale Price Litig.*, No. 01-12257-PBS 2007 U.S. Dist. LEXIS 26242, at *125 (D. Mass. April 2, 2007) ("Mindful of the complexity of the scheme, the Court concludes that the plaintiffs have satisfied Rule 9(b) . . . ."); *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, 307 F. Supp. 2d 196, 202 (D. Mass. 2004) ("Plaintiffs have filed a 297-page amended master consolidated complaint . . . ."). The second case is one in which the plaintiff met the 9(b) standard, including specific facts regarding patients and time frames. *United States v. Cap Quality Care, Inc.*, No. 05-163, 2006 U.S. Dist. LEXIS 20909, at *22 (D. Me. 2006) (finding that the plaintiff met the particularity pleading requirements even though it failed to "set forth the specifics of any one billing statement actually presented to the Government for payment, [because] it does provide sufficient detail for CAP to determine the particular methadone maintenance billings by patient and by timeframe . . . ."). Finally, Mr. McDermott directs this Court to another District of Massachusetts case, but that case was decided before *Karvelas*. *United States ex rel. Franklin v. Parke-Davis*, 147 F. Supp. 2d 39, 49 (D. Mass. 2001).

it is applied in the First Circuit. *Eulitt v. Maine Dep't of Educ.*, 386 F.3d 344, 349-50 (1st Cir. 2004). The purpose of the 1292(b) provision for certification of interlocutory appeals is to give litigants an opportunity to clarify a decisive issue of law, where there is substantial ground for a difference of opinion as to the controlling authority, not to challenge controlling authority because a litigant has a different opinion.

### III.  CONCLUSION

This court DENIES Relator's Motion to Amend Interlocutory Order Dismissing Counts I and II to Include Statement Pursuant to 28 U.S.C.A. § 1292(b) (Docket # 104).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2007